UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:        VINCE E. CRUMP,                             Case No. 06-33410-KRH
                                                          Chapter 7
            Debtor.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the timely objection of the chapter 7 trustee (the "Trustee") to the Debtor's claimed exemption of his interest in a 1972 Chevy Nova automobile (the "Nova"). For reasons set forth below, the Court will overrule the Trustee's objection and allow the exemption.

The Trustee, in objecting to the claimed exemption, carries the burden of proving by a preponderance of the evidence that the exemption should not be allowed. Fed. R. Bankr. P. 4003(c); *In re Hanes*, 162 B.R. 733, 736 (Bankr. E.D. Va. 1994). The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on November 28, 2006. The Debtor's Schedules were filed simultaneously with the petition. The Debtor claimed as exempt on his Schedule C a "1972 Chevy Nova – Race Car." The two bases for the claimed exemption were Va. Code Ann. § 34-26(8) and Va. Code Ann. §34-4.[1]

---

[1] Pursuant to Bankruptcy Code § 522(b), the Commonwealth of Virginia has opted to make its schedule of exempt property mandatory in bankruptcy cases filed in Virginia. Va. Code Ann. § 34-3.1. Because Virginia has opted out of federal bankruptcy exemptions, residents of Virginia filing bankruptcy petitions may claim only those exemptions allowable under state law and general (nonbankruptcy) federal law. *In re Potter,* 274 B.R. 224 (Bankr. E.D.Va. 2002).

The Trustee does not contest the Debtor's claim that $3,000.00 of the Nova's value is exempt under Va. Code Ann. § 34-4.[2] Rather, the Trustee challenges the Debtor's claim that he is entitled to claim an additional $2,000.00 exemption in the Nova under Va. Code Ann. § 34-26(8). That section provides that:

> In addition to the exemptions provided in Chapter 2 (§ 34-4 et seq.) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items:
> . . .
> 8. A motor vehicle, not held as exempt under subdivision 7, owned by the householder, not to exceed $2,000 in value, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption under this subdivision.

Va. Code Ann. § 34-26(8).

The Trustee argues that a race car does not qualify as a "motor vehicle" for purposes of the exemption set forth in § 34-26(8). In support of his position, the Trustee cites Va. Code Ann. § 8.01-307, which defines a "motor vehicle" as "every vehicle which is self-propelled or designed for self-propulsion and every vehicle drawn by or designed to be drawn by a motor vehicle and includes every device in, upon, or by which any person or property is or can be transported or drawn upon a highway. . . ." *Id*.

By its express terms, the applicability of Va. Code § 8.01-307 is limited to "service on the Commission of the Department of Motor Vehicles as agent for nonresident motor vehicle operator." A more pertinent statutory provision is found in Va. Code Ann. § 46.2-100 which contains the definitions for Title 46.2, entitled "Motor Vehicles." "Motor vehicle" is defined there as:

---

[2] "Every householder shall be entitled, in addition to the property or estate exempt under §§ 23-38.81, 34-26, 34-27, 34-29, and 64.1-151.3, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value." Va. Code Ann. § 34-4.

2

> . . . every vehicle as defined in this section that is self-propelled or designed for self-propulsion except as otherwise provided in this title. Any structure designed, used, or maintained primarily to be loaded on or affixed to a motor vehicle to provide a mobile dwelling, sleeping place, office, or commercial space shall be considered a part of a motor vehicle. For the purposes of this title, any device herein defined as a bicycle, electric personal assistive mobility device, electric power-assisted bicycle, or moped shall be deemed not to be a motor vehicle.

*Id.*

The Trustee argues that in order to qualify as a "motor vehicle," the first requirement is that the machinery at issue be a "vehicle as defined in this section." *Id*. The section defines "vehicle" as "every device in, on or by which any person or property is or may be transported or drawn on a highway, except devices moved by human power or used exclusively on stationary rails or tracks." *Id*. The Trustee contends that the modifications that transformed the Nova into a race car preclude its operation on a highway. Thus, he argues, the Nova does not fall into the definition of "vehicle" and therefore cannot qualify as a "motor vehicle" for purposes of the exemption statute.

In considering whether the Nova is a "vehicle," the Court is guided by the opinion issued by the Virginia Court of Appeals in *Vasaio v. Department of Motor Vehicles*, 42 Va. App. 190, 590 S.E.2d 596 (2004). The issue in *Vasaio* was whether a motorcycle whose gas tank had been removed and which was kept in a self-storage unit was a "motor vehicle" for which the owner was required to carry insurance or else pay a $500 fee. The owner had argued that because the motorcycle was not capable of being driven on a highway at the time he registered it with the Department of Motor Vehicles, it was not a "motor vehicle" within Va. Code Ann. § 46.2-706.

The owner argued that the definition of "motor vehicle" set forth Va. Code Ann. § 46.2-100 differed from the definition of "motor vehicle" contained in the Uninsured Motor Vehicle

3

portion of the Virginia Code. That definition, contained in § 46.2-705, provides that a "motor vehicle" is:

> a vehicle capable of self-propulsion which is either (i) required to be titled and licensed and for which a license fee is required to be paid by its owner, or (ii) owned by or assigned to a motor vehicle manufacturer, distributor, or dealer licensed in the Commonwealth.

Va. Code Ann. § 46.2-705. The owner theorized that because the definition in Va. Code § 46.2-705 did not include the "or designed for self-propulsion" language of the general definition found in Va. Code § 46.2-100, only vehicles that were actually capable of self-propulsion at the time of registration were required to be insured.

The Virginia Court of Appeals, in resolving the issue, relied on the well-established principle of statutory construction set forth in *Branch v. Commonwealth*: "The principles of statutory construction require us to ascertain and give effect to the legislative intent. The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." *Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). The court concluded that the owner's interpretation of the statute would in fact lead to absurd results. The court noted that the various statutory definitions of "motor vehicle" found throughout the Code of Virginia should be "read, construed and applied together so that the legislature's intention can be gathered from the whole of the enactments." 42 Va. App. at 199, 590 S.E.2d at 600 (citations omitted).

In construing the various definitions together, the court concluded that the § 46.2-705 definition contained terms supplemental to the basic definition of § 46.2-100, and noted that "[i]f the legislature had wished to exclude vehicles designed for self-propulsion that were presently inoperable, it could have done so. . . ." *Id*. at 201, 590 S.E.2d at 600-01. Further, the court extrapolated that if the statute were read to exclude currently inoperable vehicles from the

4

insurance requirement, an owner would need only to intentionally render the vehicle inoperable on the day of registration to avoid the requirement of obtaining insurance. This, the court noted, would create great administrative difficulties for law enforcement personnel.[3]

In *Moore v. State Farm Mutual Automobile Insurance Co.*, 248 Va. 432, 448 S.E.2d 611 (1994), a similar issue arose in the context of an insurance contract. The insurance company had argued that a Chevy Nova that had been modified specifically for the purposes of stock car racing was not an "automobile" within the family's insurance policy. That policy provided coverage for medical expenses incurred if an insured were struck by an automobile. The insurance company took the position that because the car was, at the time of the injury, so extensively modified as to make it impermissible to drive it upon the public thoroughfares, it no longer qualified as an "automobile." The court, applying the principle of contract construction that words should be used in their ordinary and usual meanings, concluded that "the modifications later made to the car were not so extensive as to transform its nature into anything other than an 'automobile,' as that word is commonly used." 248 Va. at 435, 448 S.E.2d at 613. While the decision in *Moore* does not involve statutory construction, it nonetheless does suggest that an automobile modified to be a race car does not thereby fall outside of the category of "motor vehicle," a result that is consistent with Virginia's overall statutory scheme.

In reaching its conclusion, the Court bears in mind that exemption statutes must be construed liberally in favor of the Debtor. *Hicks v. Washington Mut. Fin.* (*In re Hicks)*, 276 B.R. 84, 86 (Bankr. W.D. Va. 2001); *In re Latham*, 182 B.R. 479, 481 (Bankr. W.D.Va. 1995). In light of the analysis of the Virginia Court of Appeals in *Vasaio* and the analysis of the Supreme Court of Virginia in *Moore*, this Court concludes that the Trustee has failed to meet his burden of proving

---

[3] Other courts have determined that disassembled or inoperable vehicles were still "motor vehicles" for purposes of an exemption statute. *See, e.g., In re Bailey*, 326 B.R. 750, 756 (Bankr. S.D. Iowa 2004).

that the Chevy Nova is not a "motor vehicle" within the context of the Virginia exemption statute § 34-26(8). To hold otherwise would be to contort the statute and create a strained and absurd result. Even if it were proven that the Chevy Nova, in its present state, may not legally transport persons on the highways of Virginia, it is capable of doing so. If "highway legality" were to become the standard for determining the status of an automobile as a "motor vehicle," then every automobile that fails to pass its state inspection or that has expired tags would no longer be deemed to be a "motor vehicle" within the context of both the Virginia exemption statute and Title 46.2 of the Virginia Code, a patently absurd result. Accordingly,

IT IS ORDERED that the objection of the Trustee to the Debtor's claimed exemption of his interest in the Chevy Nova based upon Va. Code Ann § 34-26(8) is OVERRULED, and it is further

ORDERED that the Debtor's claimed exemption of his interest in the Chevy Nova based upon Va. Code Ann. § 34-26(8) is ALLOWED.

ENTERED: _____

    /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

**Vince E. Crump**
5233 Reedy Avenue
Richmond, VA  23225

**John F. Roberts**
Roberts & Hovenden
7459 Old Hickory Drive
Mechanicsville, VA  23111

**Roy M. Terry, Jr.**
DurretteBradshaw, P.L.C.
P.O. Box 2188
Richmond, VA  23218-2188

**Robert B. Van Arsdale**
Office of the U. S. Trustee
600 East Main Street, Suite 301
Richmond, VA  3219